**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

| | |
|---|---|
| BEAMING WHITE LLC, a Delaware limited liability company, and LUIS LAJOUS, an individual,<br><br>                            Plaintiff(s),<br><br>       v.<br><br>JASON RABON, an individual, and JANE DOE RABON, an individual, and the marital estate of JASON and JANE DOE RABON,<br><br>                            Defendant(s). | No.  3:16-cv-05858<br><br>**COMPLAINT**<br>For Trademark Infringement, Unfair Competition, Consumer Protection Act Violations, Copyright Infringement, and Equitable Relief<br><br>**TRIAL BY JURY DEMANDED** |

COMES NOW Plaintiffs, BEAMING WHITE LLC and LUIS LAJOUS, and by this Complaint seeks money damages and equitable relief against Defendants JASON RABON, for trademark infringement, unfair competition in violation of Section 43(a) of the Lanham Act, common law infringement and unfair competition, violation of the Consumer Protection Act, and copyright infringement, and alleges as follows:

### JURISDICTION AND VENUE

1.      This Court has Federal Question subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121 as an action arising under the laws of the United States, including Lanham Action sections 15 U.S.C. §§ 1111, 1114, 1116,

1— **COMPLAINT**
**3:16-cv-05858**



**RYLANDER**
**& ASSOCIATES PC**
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

1117, and 1125, and under the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.*

2.      This Court has pendent jurisdiction over the state claims under 28 U.S.C. § 1338(b) in that said claims are joined with substantial and related claims under the Trademark Laws of the United States, 15 U.S.C. §§ 1051, *et seq.* and the Copyright Laws of the United States, Title 17 United States Code. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Pursuant to Rule 9(c), Plaintiffs plead that all acts and conditions precedent for establishing jurisdiction have been performed or have occurred.

3.      Venue and personal jurisdiction are proper in this district pursuant to 28 U.S.C. § 1400, 28 U.S.C. § 1391(b) and (c), and, pursuant to FRCP 4 and Washington's long arm jurisdictional rules RCW 4.28.185, in that Plaintiffs are informed and believes and on that basis alleges that

4.      Defendants reside in this district and/or can be found in this district by virtue of their activities, are engaged in substantial and not isolated activities in this district, and engaged in acts in this district and/or injured persons in this district in conjunction with activities carried on within this district by Defendants and/or in the ordinary course of trade of Defendants, and that claims substantially arose in this jurisdiction as a result of acts committed by Defendants within and/or directed to this judicial district in the course of Defendants doing business in this district.

5.      In addition, venue and personal jurisdiction are proper in this district in that, at least Defendants have purposefully conducted business with persons and entities in this judicial district, have made sales and shipped product in and to entities in this judicial district, maintained an office in this judicial district, all of which relate to and/or give rise to the claims in this suit, and that many or most of the acts, allegations, and intellectual property which

**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

give rise to the claims herein, or to which the claims are substantially related, occurred in and/or are located in this district.

## **PARTIES**

6. Plaintiff BEAMING WHITE LLC is now, and at all times mentioned in this Complaint was, a Delaware limited liability company licensed to do business in the State of Washington, with its principal place of business Vancouver, Washington and having website located at http://www.beamingwhite.com/.

7. Plaintiff LUIS LAJOUS is a resident of the State of Washington. He is the founder, owner and President of BEAMING WHITE LLC.BEAMING WHITE LLC has the exclusive license to use the trademarks in this suit in commerce, and the right to sue for trademark infringement and/or unfair competition related to such marks, and to have LAJOUS, at LAJOUS' election, join in such suit.

8. Plaintiffs are informed and believes and on that basis alleges that Defendant JASON RABON is now, and at all times mentioned in this Complaint was, an individual having a business presence and conducting substantial and continuous transactions with the State of Washington, and that the infringing acts giving rise to the claims in this Complaint directly touch and concern the residents of the State of Washington..

9. Plaintiffs are informed and believes and on that basis alleges that JANE DOE RABON is the wife of Defendant JASON RABON, that she aided and abetted JASON RABON in the acts and violations alleged herein such that JASON RABON's act and violations should be attributed to JANE DOE RABON, and that some or all of the unlawfully gained benefits were intended as and/or were for the benefit of their marital estate.  JANE DOE RABON is a fictitious name until the actual name of Defendant's wife is known.

3— COMPLAINT
3:16-cv-05858



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

1
2
3

## COMMON ALLEGATIONS OF FACT

4   10.    Plaintiffs conduct a business manufacturing and selling teeth whitening

5   products. They have gained a substantial market share, including on Groupon of which they

6   maintain a substantial share. Plaintiffs have over a period of time developed substantial

7   recognition and goodwill for their products, identified with the valuable and recognized

8   trademarks PREMIUM HOME WHITENING SYSTEM®, BEAMING WHITE®, and

9   FOREVER WHITE™ (collectively "the Beaming White Marks").

10   11.    As part of their business operations, Plaintiffs use the Beaming White Marks.

11   In recognition of the inherently distinctive nature of the PREMIUM HOME WHITENING

12   SYSTEM®, BEAMING WHITE® marks, the United States Patent & Trademark Office has

13   registered the mark PREMIUM HOME WHITENING SYSTEM® on the Principal Register

14   on March 27, 2012, Registration No. 4,118,006 in International Class 003 for Cosmetic

15   preparations for the care of mouth and teeth; Dental bleaching gel; Teeth whitening kit; Tooth

16   bleaching preparations, *see* **Exhibit A hereto**, incorporated herein by reference; Tooth gel;

17   Tooth whitening gels; Tooth whitening preparations, BEAMING WHITE® on the Principal

18   Register on September 28, 2010, Registration No. 3,853,540 in International Class 003 for

19   Cosmetic preparations for the care of mouth and teeth; Dental bleaching gel; Teeth whitening

20   kit; Tooth bleaching preparations; Tooth gel; Tooth whitening gels; Tooth whitening

21   preparations, *see* **Exhibit B hereto**, incorporated herein by reference; and BEAMING

22   WHITE®, on the Principal Register on September 28, 2010, Registration No. 3,853,130 in

23   International Class 003 for Cosmetic preparations for the care of mouth and teeth; Dental

24   bleaching gel; Teeth whitening kit; Tooth bleaching preparations; Tooth gel; Tooth whitening

25   gels; Tooth whitening preparations, International Class 010 for Dental apparatus, namely,

26
27
28
29

**4— COMPLAINT**
**3:16-cv-05858**
10/7/2016 10:00:41 AM BEAW.001

**RYLANDER**
**& ASSOCIATES PC**
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

intra-oral light systems; Intra-oral dental light system, and International Class 044 for Teeth whitening services, *see* **Exhibit C hereto**, incorporated herein by reference (hereinafter collectively referred to as the "Beaming White Marks" and the "teeth whitening products").

12.     BEAMING WHITE® Registration No. 3,853,540 and BEAMING WHITE® Registration No. 3,853,130 are incontestable under Lanham Act Section 15, 15 U.S.C. §1065.

13.     Plaintiffs manufacture and sell teeth whitening products. Plaintiffs and their predecessors in interest have sold teeth whitening products under the distinctive Beaming White Marks since at least as early as 2008.

14.     Plaintiffs identify their product lines using the distinctive Beaming White Marks. Plaintiffs' Beaming White Marks are inherently distinctive and/or has acquired secondary meaning in conjunction with the sale and marketing of teeth whitening products.

15.     In addition to using BEAMING WHITE® as a mark for goods sold in commerce, Plaintiffs use the mark as a trade name, Beaming White LLC to identify their business in selling teeth whitening products. Beaming White LLC is Plaintiffs' registered business name in Washington.

16.     Plaintiffs have developed significant goodwill and reputation and derive significant value from use of the Beaming White Marks to identify their products and business.

17.     Plaintiffs are the exclusive owners of the registered, statutory and common law trademark rights in the Beaming White Marks in the teeth whitening products market.

18.     Plaintiffs have expended substantial time and resources to promote their reputation and develop goodwill in their Beaming White Marks, including marketing, advertising, and website development.



19.     Plaintiffs market and sell their products under the Beaming White Marks throughout the United States and internationally. Plaintiffs market and sell directly to purchasing consumers, as well as through distributors.

20.     The market for teeth whitening products is extremely competitive, and a manufacturer's reputation for reliable quality is critical to success.

21.     Plaintiffs are informed and believe and on that basis allege that Defendants' use of Plaintiffs' Beaming White Marks is likely to confuse consumers searching for Plaintiffs' products on the Internet.

22.     Plaintiffs are informed and believe and on that basis allege that Defendants use of the Beaming White Marks is confusingly similar to and likely to be confused with Plaintiffs' Beaming White Marks. Defendants have used the Beaming White Marks to market and sell goods and services which are substantially similar to those marketed by Plaintiffs using some and/or all of Plaintiffs' Beaming White Marks, in the same geographic area, since on or before  2015 and continuing to the present. Specifically, Defendants have used and continue to use Plaintiffs' Beaming White Marks to market and sell teeth whitening products.

23.     Plaintiffs are informed and believe and on that basis allege that Plaintiffs' goods and services and Defendants' goods and services are likely to be sold to, and or sought by, the same or similar customers, thus increasing the likelihood of confusion.

24.     Plaintiffs compete against Defendants in the marketplace, and specifically in the market for teeth whitening products.

25.     Plaintiffs are informed and believe and on that basis allege that Defendants' use of the confusingly similar name  for the same product categories as those covered by Plaintiffs' Beaming White Marks is likely to confuse customers, and has confused customers,



into believing that Defendants is/are the Plaintiffs and/or that Defendants' products are the products of Plaintiffs and or are sponsored by, affiliated with, or associated with Plaintiff; that Defendants' confusingly similar name is so similar in appearance to Plaintiffs' Beaming White Marks, particularly when used in conjunction with the sale of teeth whitening products, that its use is likely to cause confusion among or cause mistake by or deceive ordinary purchasers of Plaintiffs' product as to the affiliation, attribution, connection, association, of Defendants or Defendants' product with Plaintiffs or Plaintiffs' product, and/or as to the sponsorship and approval of Defendants' goods and activities by Plaintiff, and/or as to the source of Defendants' product, and Plaintiffs was damaged and is likely to continue to be damaged by the actions of Defendant.

26.     Defendants' use of Plaintiffs' Beaming White Marks was and is without the consent of Plaintiffs.

27.     Plaintiffs are informed and believe and on that basis allege that Defendants have knowledge of Plaintiffs' company, marks and website.

28.     Plaintiffs sent a cease and desist letter to Defendant, demanding that they cease and desist from the infringing use.

29.     Plaintiffs are informed and believe and on that basis allege that Defendants' infringing use was willful and knowing.

30.     Defendants' ongoing infringing activities caused, and on information and belief will continue to cause, irreparable harm to Plaintiffs, which cannot be fully compensated by money damages.

31.     Plaintiffs are informed and believe and on that basis allege that Defendants continuing infringing actions will cause Plaintiffs to suffer harm, including confusion by



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

consumers in the market, dilution by reduction of the distinctiveness of their famous mark and associated goodwill, and dilution by tarnishment of their famous mark and associated goodwill.

32.   The public has an overriding interest in avoiding confusion of trade names and marks and in the enforcement of trademark laws.

33.   Plaintiffs are informed and believe and on that basis allege that Defendants used and uses names and terms substantially similar to and likely to be confused with Plaintiffs' Beaming White Marks in the same geographic area since on or about 2015, for the purpose of marketing teeth whitening products directly competing with the teeth whitening products of Plaintiffs.

34.   Plaintiffs are informed and believe and on that basis allege that Defendants' use of the Beaming White Marks for the same products in the same geographic areas as those covered by Plaintiffs' Beaming White Marks is likely to confuse customers, and has confused customers, into believing that Defendants are the Plaintiffs and/or that Defendants' products are the products of Plaintiffs and/or are sponsored by, affiliated with, or associated with Plaintiff; that Defendants' use of the Beaming White Marks is so similar in appearance, sound, and meaning to Plaintiffs' Beaming White Marks , particularly when used in conjunction with the sale of teeth whitening products, that its use is likely to cause confusion among or cause mistake by or deceive ordinary purchasers of Plaintiffs' products as to the source, affiliation, attribution connection, and/or association of Defendants or Defendants' products with Plaintiffs or Plaintiffs' products; that Defendants' offending use of the Beaming White Marks, is so similar in appearance, sound, and meaning to Plaintiffs' Beaming White Marks, particularly when used in conjunction with the sale of teeth whitening

RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

products, that his use is likely to cause confusion among or cause mistake by or deceive ordinary purchasers of Plaintiffs' parts as to the sponsorship and approval of Defendants' parts and activities by Plaintiff, and Plaintiffs was damaged and is likely to continue to be damaged by Defendants' acts.

35.     Plaintiffs also maintains a valuable database of copyrighted images by which it uses to market, identify and advertise its products, including on Groupon.

36.     Plaintiffs are informed and believes and on that basis alleges that Groupon (www.groupon.com) is a global e-commerce store that markets to customers by e-mail and on the Groupon website itself; that Groupon connects millions of subscribers with local merchants by offering activities, travel, goods and services in more than 28 countries; that by the end of March 2015, Groupon served more than 500 cities worldwide, nearly 48.1 million active customers and featured more than 425,000 active deals globally; that unlike classified advertising, the merchant does not pay any upfront cost to participate: Consumers are able to search and browse deals via web or mobile and can subscribe to receive emails featuring deals they are interested in based on preferences they input.

37.     Defendant JASON RABON was customer of Plaintiffs that used to buy as much as $100,000 a month of Plaintiffs' branded products. Plaintiffs are informed that JASON RABON stopped buying two of Plaintiffs' branded products, but nevertheless continued advertising them on Groupon, via emails and on his websites, but when people would order them, he would send them a completely different product that he got from another supplier. Plaintiffs are informed that JASON RABON has been doing this for about 21 months. Plaintiffs believe based on estimation that sales from the false advertisement of Plaintiffs' products have generated Defendants close to $3MM in revenue.

RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

38.    Defendants have been a customer of Beaming White's since around January 2010. At first he purchased mostly Beaming White's Advanced Kit, which is used to provide a teeth whitening service to a customer, and a small quantity of BW-branded home whitening products such as teeth whitening pens and home whitening kits. Defendants had 2 or 3 physical locations in the Charlotte area. Defendants started running deals on Groupon for Defendants' locations offering teeth whitening services very cheaply, selling thousands of treatments per month. Defendants received preferential pricing because Defendants bought such large volumes of kits.

39.    In May 2013, Defendants started ordering larger quantities of home whitening kits, presumably for Groupon. Defendants orders grew consistently and rapidly till he reached a peak of over 10,000/month in March 2014 for Plaintiffs' base home whitening kit, which is the one with the PREMIUM HOME WHITENING SYSTEM® trademark. Defendants originally paid around $9.50/kit, and the price dropped to $8 when Defendants' purchases got significantly larger. Plaintiffs started selling kits on Groupon at around the same time, and Plaintiffs were selling roughly the same number of kits as Defendants. On November 2014, Defendants purchases of our FOREVER WHITE™ teeth whitening pen increased substantially from Defendants previous monthly purchases of these pens, and in January of 2015 they went to almost 2,000 per month.

40.    In January 2016 Plaintiffs had an across the board product price increase, and Plaintiffs informed Defendants that the $2/pen price was increasing to $2.50. Soon thereafter Defendants stopped buying pens from Plaintiffs.

41.    Nevertheless, Defendants continued to use Plaintiffs' copyrighted images on Groupon local deals despite shipping a different product from a different supplier—clear


RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

false advertising and bait and switch advertising. Defendants were advertising Plaintiffs products on Groupon, but bought cheaper products to ship to the unsuspecting customer who did not get the product that Defendants advertised.

42.     Plaintiffs are informed and believes and on that basis alleges that Defendants maintain two websites www.dazzlingwhitesmileusa.com and www.whitenmysmilenow.com, where Defendants willfully continue to infringe use of Plaintiffs copyrighted images. Plaintiffs further are informed and believes and on that basis alleges that on the website of the shopping mall in which Defendants maintain a teeth whitening kiosk, Defendants list the kiosk as Beaming White, willfully infringing the Beaming White Marks. Further, Defendants have the image of Plaintiffs biggest competitor in clear association with Plaintiffs' marks.

43.     Plaintiffs informed and believed based on the acts and allegations alleged herein and/or directly flowing or a natural consequence of the acts and allegations alleged herein, that Defendants infringing and violative acts were willful and malicious, and willfully and malicious caused injury to Plaintiffs.

44.     Plaintiffs is further informed and believes that Defendants' offices are listed as Beaming white with the BBB a number of cities; that if someone complains of Defendants acts or products, those acts because of Defendants willful and malicious use of Plaintiffs' Beaming White Marks, and images, will be associated with Plaintiff, harming Plaintiffs reputation, goodwill and business. Plaintiffs are informed and believe and on that basis allege that the addresses associated with those BBB listings for Beaming White are actually Defendants business addresses.

45.     Plaintiffs are informed and believes that Defendants maintain an office in Washington; and that he listed those offices on one of his websites until very recently.



46.     Plaintiffs are informed and believes and based thereon estimates that based on Defendants' reduction in purchase from Plaintiff, Plaintiffs' damages for Defendants infringing actions are over $1.2MM.

47.     On September 21, 2016 corporate counsel Randy Gross for Plaintiffs sent a cease and desist demand to Defendant demanding that Defendant cease using the Beaming White intellectual property, including the Beaming White Marks and the Beaming White copyrighted images (collectively, "the Beaming White Intellectual Property"). *See* **Exhibit D,** Letter dated September 21, 2016 from R.Gross, attached hereto and incorporated herein by this reference.

48.     Plaintiffs are informed and believe and on that basis allege Defendants used Beaming White Intellectual Property on Defendants website, in direct e-mail marketing materials, on the Groupon website, and in mall kiosks

49.     On or about September 27, 2016, counsel for Plaintiff, Randall Gross of Corporate Counsel, spoke with counsel for Defendant, Shaun Curry, stating, in summary, that Defendant knew he was going to have to pay as a result of his violations—it was just a matter of whether he paid now (via mutually agreed settlement), or later (via judgment); and that Defendant Mr. Rabon was in the process of compiling records to document his sales of teeth whitening products (primarily through Groupon sales). The idea is that this would help establish damages to Beaming White.

50.     Plaintiffs are entitled to compensation to the extent possible for damages, actual and/or statutory, general and special, consequential, and incidental, in an amount to be proven at trial, for the harm caused by Defendant, and for attorneys' fees, costs, and pre- and post-judgment interest.



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

51.     Plaintiffs have suffered and likely will suffer immediate irreparable damage and ongoing harm by reasons of Defendants' unlawful acts unless Defendants are restrained and enjoined, and Plaintiffs are without adequate remedy at law.

52.     Defendants' unlawful activities caused, and likely will continue to cause, irreparable harm to Plaintiff, which cannot be fully compensated by money damages.

53.     The public has an overriding interest in avoiding unlawful copying of copyrighted images, false advertising and bait-and-switch advertising, and in the enforcement of copyright and trademark laws.

54.     Accordingly, Plaintiffs demand an amount of money damages to compensate the Plaintiffs for the harm caused, including but not limited to Defendants' profits, actual and/or statutory damages, and/or punitive damages, as well as equitable relief, attorneys' fees, costs (including expert witness fees and costs), and interest.

## CLAIMS FOR RELIEF

### Count 1: Trademark Infringement of PREMIUM HOME WHITENING SYSTEM®

55.     Plaintiffs re-allege every paragraph in this Complaint.

56.     Plaintiffs exclusively own all rights to the PREMIUM HOME WHITENING SYSTEM® and the goodwill associated therewith for teeth whitening products.

57.     Plaintiffs use PREMIUM HOME WHITENING SYSTEM® to identify Plaintiffs' goods and services in commerce. Plaintiffs derive substantial value, goodwill, and business reputation from the exclusive use by Plaintiffs of PREMIUM HOME WHITENING SYSTEM®. Because of Plaintiffs' exclusive use of its registered mark and the goodwill and reputation associated with Plaintiffs goods, Plaintiffs' mark has developed significance in the minds of the public as an identifier of the source and quality of Plaintiffs' goods and services.

RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

58.     PREMIUM HOME WHITENING SYSTEM® is distinctive and/or famous in that among the teeth whitening products community, it has acquired distinctiveness; the use of the Mark in connection with teeth whitening products has endured over time; Plaintiffs have used the Mark for its goods and services in the relevant marketplace; and that there is significant recognition by consumers in the relevant marketplace of Plaintiffs' Mark.

59.     Plaintiffs are informed and believe and on that basis allege that Defendants willfully and maliciously infringed and misappropriated Plaintiffs' trademark in commerce without permission, directly damaging Plaintiffs reputation and business by knowingly and maliciously using Plaintiffs' mark in the sale of competing goods, passing Defendants goods off as Plaintiffs' goods, and diverting sales from Plaintiffs; that Defendants' infringing uses of Plaintiffs' mark are likely to and/or have caused actual confusion with consumers as to the source of goods and affiliation of Defendants to Plaintiffs; that Defendants' infringing uses diminish the value of Plaintiffs' mark, goodwill and business reputation; and that the nature and extent of misappropriation of Plaintiffs' mark by Defendants are significant and willful.

60.     Plaintiffs are informed and believe and on that basis allege that Defendants' acts were willful, malicious and knowing, and that this is an exceptional case under 15 U.S.C. §1117.

61.     Plaintiffs have and will suffer immediate irreparable damage and ongoing harm to its business, reputation, and goodwill by reasons of Defendants' unlawful acts unless Defendants are restrained and enjoined, and Plaintiffs are without adequate remedy at law.

62.     Accordingly, Defendants are liable to Plaintiffs for recovery of all of Defendants' profits, for Plaintiffs' damages, for statutory damages, double damages, and for attorneys' fees and costs.



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

**Count 2: Trademark Infringement of BEAMING WHITE®**

63.     Plaintiffs re-allege every paragraph in this Complaint.

64.     Plaintiffs exclusively own all rights to the BEAMING WHITE® and the goodwill associated therewith for teeth whitening products.

65.     Plaintiffs use BEAMING WHITE® to identify Plaintiffs' goods and services in commerce. Plaintiffs derive substantial value, goodwill, and business reputation from the exclusive use by Plaintiffs of BEAMING WHITE®. Because of Plaintiffs' exclusive use of its registered mark and the goodwill and reputation associated with Plaintiffs goods, Plaintiffs' mark has developed significance in the minds of the public as an identifier of the source and quality of Plaintiffs' goods and services.

66.     BEAMING WHITE® is distinctive and/or famous in that among the teeth whitening products community, it has acquired distinctiveness; the use of the Mark in connection with teeth whitening products has endured over time; Plaintiffs have used the Mark for its goods and services in the relevant marketplace; and that there is significant recognition by consumers in the relevant marketplace of Plaintiffs' Mark.

67.     Plaintiffs are informed and believe and on that basis allege that Defendants willfully and maliciously infringed and misappropriated Plaintiffs' trademark in commerce without permission, directly damaging Plaintiffs reputation and business by knowingly and maliciously using Plaintiffs' mark in the sale of competing goods, passing Defendants goods off as Plaintiffs' goods, and diverting sales from Plaintiffs; that Defendants' infringing uses of Plaintiffs' mark are likely to and/or have caused actual confusion with consumers as to the source of goods and affiliation of Defendants to Plaintiffs; that Defendants' infringing uses diminish the value of Plaintiffs' mark, goodwill and business reputation; and that the nature

**RYLANDER**
**& ASSOCIATES PC**
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

and extent of misappropriation of Plaintiffs' mark by Defendants are significant and willful.

68.     Plaintiffs are informed and believe and on that basis allege that Defendants' acts were willful, malicious and knowing, and that this is an exceptional case under 15 U.S.C. §1117.

69.     Plaintiffs have and will suffer immediate irreparable damage and ongoing harm to its business, reputation, and goodwill by reasons of Defendants' unlawful acts unless Defendants are restrained and enjoined, and Plaintiffs are without adequate remedy at law.

70.     Accordingly, Defendants are liable to Plaintiffs for recovery of all of Defendants' profits, for Plaintiffs' damages, for statutory damages, double damages and for attorneys' fees and costs

**Count 3: Unfair Competition under the Lanham Act**

71.     Plaintiffs re-allege every paragraph in this Complaint.

72.     Defendants engaged in unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

73.     Plaintiffs' Beaming White Marks have become uniquely associated with the Plaintiffs and has become inherently distinctive in the teeth whitening products marketplace.

74.     Plaintiffs are informed and believe and on that basis allege that Defendants have engaged in unfair competition against Plaintiffs in violation of Section 43(a) of the Lanham Act; that Defendants marketed and market in the same market place and geographic business center teeth whitening products using the Beaming White Marks in such a way as to be confusingly similar, and to look like, Plaintiffs, and by that marketing falsely advertised and advertises and falsely represented and represent Defendants and/or Defendants' goods and services in a manner which reasonably implies that Defendants either are the same as or

**RYLANDER**
**& ASSOCIATES PC**
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

are affiliated with Plaintiffs, and/or Defendants' goods and services are those of Plaintiffs, and Defendants cause, have caused, and are likely to continue to cause confusion, mistake and deception as to the affiliation, attribution, connection or association of Defendants and/or Defendants' goods and services with Plaintiffs.

75.    Plaintiffs are informed and believe and on that basis allege that Defendants' aforesaid advertising and promotional activities misrepresent the nature, characteristics, and qualities of their commercial activities.

76.    Plaintiffs are informed and believe and on that basis allege that Defendants' unauthorized uses of Plaintiffs' Beaming White Marks and confusingly similar versions of Plaintiffs' Beaming White Marks, are likely to cause, have caused, and will continue to cause confusion, mistake, and deception as to the origin of Defendants' goods and services and as to the sponsorship, approval, affiliation, or attribution of Defendants or Defendants' goods and services.

77.    Defendants have refused to cease and desist from their unlawful activities despite Plaintiffs' demand.

78.    Plaintiffs are entitled to compensation to the extent possible for damages, general and special, consequential, and incidental, in an amount to be proven at trial, for the harm caused by Defendants, and for attorneys' fees, costs, and pre- and post-judgment interest.

79.    Plaintiffs are informed and believe and on that basis allege that Defendants' acts were willful, malicious and knowing, and that this is an exceptional case under 15 U.S.C. §1117.

80.    Plaintiffs have and will suffer immediate irreparable damage and ongoing



**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

1
2
3   harm to its business, reputation, and goodwill by reasons of Defendants' unlawful acts unless

4   Defendants are restrained and enjoined, and Plaintiffs are without adequate remedy at law.

5       81.     Accordingly, Plaintiffs demand an amount of money damages to compensate

6   the Plaintiffs for the harm caused, including but not limited to Defendants' profits, statutory

7   and/or punitive damages, as well as equitable relief, attorneys' fees, costs, and interest.

8   **Count 4: Common Law Trademark Infringement and Unfair Competition**

9       82.     Plaintiffs re-allege every paragraph in this Complaint.

10      83.     Plaintiffs are the sole owner of the inherently distinctive Beaming White

11  Marks for teeth whitening products.

12
13      84.     Plaintiffs are the sole owner of its inherently distinctive Beaming White

14  Marks. Plaintiffs use the Beaming White Marks to identify Plaintiffs' goods and services in

15  commerce. Plaintiffs derive substantial value, goodwill, and business reputation from the

16  exclusive use of Plaintiffs' Beaming White Marks in the relevant marketplace, including

17  Washington, as well as throughout the United States and internationally. Because of

18  Plaintiffs' exclusive use of its Beaming White Marks and the goodwill and reputation

19  associated with Plaintiffs teeth whitening products, Plaintiffs' Beaming White Marks has

20  developed secondary meaning and significance in the minds of the public.

21      85.     Defendants infringed and misappropriated Plaintiffs' Beaming White Marks

22  in commerce without permission. Defendants' infringement is likely to and has caused

23  confusion by the public and diminishes the value of Plaintiff' Beaming White Marks,

24  goodwill and business reputation, dilutes the mark, and tarnishes Plaintiffs' goods and

25  services in the minds of the public by associating Defendants' inferior goods with Plaintiffs'

26
27  Beaming White Marks.

28
29  **18— COMPLAINT**
    **3:16-cv-05858**
    10/7/2016 10:00:41 AM BEAW.001

86.     Plaintiffs are informed and believe and on that basis allege that Defendants' misappropriation of Plaintiffs' labors and expenditures in creating and building Plaintiffs' Beaming White Marks has caused actual confusion and is likely to continue to cause confusion and to deceive the public as to the origin of Defendants' goods and services and business and/or Defendants' relationship to Plaintiffs.

87.     The acts of the Defendants constitute infringement of Plaintiffs' Beaming White Marks under common law.

88.     Plaintiffs are informed and believe and on that basis allege that Defendants willfully and maliciously infringed in commerce Plaintiffs' Beaming White Marks; that by its aforesaid conduct Defendants willfully, maliciously, and in bad faith attempted to pass off their business and/or goods and services as the business and/or goods and services of Plaintiffs or as an affiliate of Plaintiff, and are attempting to falsely and fraudulently deceive the marketplace to the substantial detriment of Plaintiffs' business, reputation, and goodwill.

89.     Plaintiffs are informed and believe and on that basis allege that Defendants' infringement was and is knowing, willful, and malicious.

90.     Plaintiffs are entitled to compensation to the extent possible in damages, general and special, consequential, and incidental, in an amount to be proven at trial, for the harm caused by Defendant, and for attorneys' fees, costs, and pre- and post-judgment interest.

91.     Plaintiffs have and will suffer immediate irreparable damage and ongoing harm to its business, reputation, and goodwill by reasons of Defendants' unlawful acts unless Defendants are restrained and enjoined, and Plaintiffs are without adequate remedy at law.

92.     Accordingly, Plaintiffs demand an amount of money damages to compensate the Plaintiffs for the harm caused, including but not limited to Defendants' profits, statutory



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

and/or punitive damages, as well as equitable relief, attorneys' fees, costs, and interest.

**Count 5: Unfair Competition Under Common Law**

93.     Plaintiffs re-allege every paragraph in this Complaint.

94.     Defendants have willfully, maliciously, and in bad faith attempted to pass off their business and/or goods and services as the business and/or goods and services of Plaintiffs or as an affiliate of Plaintiffs, and attempt to falsely and fraudulently deceive the marketplace to the substantial detriment of Plaintiffs' business, reputation, and goodwill.

95.     Defendants' misappropriation of Plaintiffs' labors and expenditures in creating and building the distinctive reputation of Plaintiffs are likely to and have caused actual confusion, and is likely to continue to cause confusion and to deceive the public as to the origin of Defendants' goods and services and business and/or Defendants' relationship to Plaintiffs.

96.     The acts of the Defendants constitute unfair competition against the Plaintiffs under the common law.

97.     Plaintiffs are informed and believe and on that basis allege that Defendants' unlawful acts were and are knowing, willful, and malicious.

98.     Plaintiffs are entitled to compensation to the extent possible in damages, general and special, consequential, and incidental, in an amount to be proven at trial, for the harm caused by Defendant, and for attorneys' fees, costs, and pre- and post-judgment interest.

99.     Plaintiffs have and will suffer immediate irreparable damage and ongoing harm to its business, reputation, and goodwill by reasons of Defendants' unlawful acts unless Defendants are restrained and enjoined, and Plaintiffs are without adequate remedy at law.

100.     Accordingly, Plaintiffs demand an amount of money damages to compensate



the Plaintiffs for the harm caused, including but not limited to Defendants' profits, statutory and/or punitive damages, as well as equitable relief, attorneys' fees, costs, and interest.

**Count 6: Consumer Protection Act Violations**

101.    Plaintiffs re-allege every paragraph in this Complaint.

102.    Plaintiffs are informed and believes and on that basis alleges that Defendants violated Washington's Consumer Protection Act, RCW 19.86 *et seq.*; that Plaintiffs were proximately and directly harmed by Defendants' violation of Washington's Consumer Protection Act; and that Defendants' infringement of Plaintiff's Beaming White Intellectual Property is and should be considered *per se* violations of the Act.

103.    Plaintiffs are informed and believes and on that basis alleges that Defendants' misappropriation of Plaintiff's Beaming White Intellectual Property tends to and does deceive or mislead persons of ordinary caution into the belief that they are dealing with Plaintiffs when in fact they are dealing with Defendants.

104.    Plaintiffs are informed and believes and on that basis alleges that Defendants engaged in a pattern, capable of repetition, of unfair and deceptive practices by misrepresenting to third parties the attribution and origin and affiliation with Plaintiffs of Defendants' goods by using a display confusingly similar to Beaming White Intellectual Property to advertise Defendant's electrical contracting services; and that Defendants engaged in these acts and representations in trade and commerce, through the mails and wires.

105.    Plaintiffs are informed and believes and on that basis alleges that Defendants' deceptive and unfair practices affected the significant public interest in avoiding confusion of the public, and the significant public interest in the proper attribution of products and services. Washington has an important interest in ensuring that domestic businesses and



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

businesses operating in Washington and with Washington residents fully comply with Washington laws.

106.    Plaintiffs are entitled to compensation to the extent possible in damages, general and special, consequential, and incidental, in an amount to be proven at trial, for the harm caused by Defendants, and for attorneys fees, costs, and pre- and post-judgment interest.

107.    Moreover, a damage award alone will not make Plaintiffs whole, and Plaintiffs has and will suffer immediate irreparable damage and harm to its business, reputation, and goodwill by reasons of Defendants' unlawful acts unless Defendants is restrained and enjoined, and Plaintiffs are without adequate remedy at law.

## Count 7: Copyright Infringement

108.    Plaintiffs re-allege every paragraph in this Complaint.

109.    Plaintiffs maintain a stock of original expressive copyrighted images of their products, including those image artworks titled "Forever White 3 pens for Groupon", "Original home kit image for Groupon", and "Forever White pen with box", applications for all three of which have been duly filed with the Copyright Office for registration and accepted as received, and will have effective dates of registration on or before October 5, 2016. See **Exhibit E hereto** incorporated herein by reference.

110.    Plaintiffs are informed and believes and on that basis alleges that by its aforesaid conduct Defendants willfully infringed Plaintiffs' copyrighted work by copying and publishing for their own engorgement, Plaintiffs' image database of Plaintiffs' products; that Defendants' actions willfully and for profit violated exclusive rights of the Copyright Laws of the United States; that Plaintiffs owned valid copyright on works which Defendants violated in acts of improper appropriation.

**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

111.    Accordingly, Defendants are liable to Plaintiffs for Defendants' profits, and Defendants should be enjoined to remove and destroy all infringing copies.

112.    Due to the willful nature of Defendants' actions, Plaintiffs are entitled to award of Defendants' profits, costs of suit including expert witness fees and costs, and reasonable attorney's fees.

## **DEMAND FOR JUDGMENT & PRAYER FOR RELIEF**

WHEREFORE Plaintiffs pray for judgment against the Defendants as follows:

(a)    Granting judgment in favor of Plaintiffs against Defendants on all claims;

(b)    Declaring Plaintiffs' Beaming White Marks valid and infringed by Defendants;

(c)    Enjoining and Restraining Defendants temporarily, preliminarily, and permanently:

(1) from directly or indirectly using Plaintiffs' Beaming White Marks or any confusingly similar version or imitation thereof in relation to Defendants' marketing, sale, and/or description of Defendants' business or goods and services;

(2) from using Plaintiffs' Beaming White Marks or any confusingly similar version or imitation thereof in any advertising or promotional material, whether printed, verbal, broadcast, electronically transmitted or otherwise;

(3) from using Plaintiffs' Beaming White Marks or any confusingly similar version or imitation thereof on or in connection with any Internet address owned or controlled, in whole or in part, by Defendants, Defendants' privies, and/or Defendants' relatives, associates, agents, successors in interest, employees, principals, officers, and shareholders;



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

(4) from using the Plaintiffs' Beaming White Marks or any confusingly similar version or imitation thereof in any radio, television, or other media advertising;

(5) from using the Plaintiffs' Beaming White Marks or any confusingly similar version or imitation thereof on any Groupon offering;

(6) to remove those portions of Defendants marketing material and website which are similar to Plaintiffs' Beaming White Marks from each and every of Defendants' business addresses, locations, and signage, and from any and all literature, documentation, advertisements, business cards, vehicles, brochures, of any type or kind;

(7) to remove the Plaintiffs' Beaming White Marks and any confusingly similar name or designation from each and every of Defendants' web site pages and whatever web site address Defendants use, and from any and all literature, documentation, advertisements, brochures, of any type or kind;

(8) to remove Plaintiffs' Beaming White Marks from every BBB listing of Defendants' offices and any other confusingly similar listing for Defendants.

(d)     Ordering Defendants to identify the location and content of any and all production facilities, stores, inventories, stockpiles or distribution centers containing infringing articles of which they have knowledge, including parts, accessories, designs, logos, prints, electronic files, and any other things, of which Defendants have knowledge, whether owned or controlled by Defendants or any other party;

(e)     Ordering impoundment, destruction and verification of such destruction, of any things identified in the preceding paragraph;

**24— COMPLAINT**
**3:16-cv-05858**
10/7/2016 10:00:41 AM BEAW.001



**RYLANDER**
**& ASSOCIATES PC**
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

(f)     Enjoining and Restraining Defendant(s) to write to each and every customer of Defendants who has ordered teeth whitening products from Defendants, and in such writing to state that Defendants are not related to, affiliated with, associated with, or sponsored by Plaintiff, and do not have any relationship with Plaintiff, that Defendants' goods and services are not those of Plaintiff, and further to a provide the address and phone number of Plaintiffs to each customer, and finally to return to the Court with a copy to Plaintiffs' attorney of proof of compliance with this Order within ninety (90) days of entry thereof;

(g)     Ordering Defendants to provide the names, mailing addresses, phone numbers, and e-mails of all customers that purchased infringing products;

(h)     Enjoining and Restraining Defendants temporarily, preliminarily, and permanently, from further violations of the Lanham Act and the Copyright Act;

(i)     Ordering an Accounting and Disgorgement of Defendants' profits made while using the Plaintiffs' Beaming White Marks to market, promote, and/or sell Defendants' products, whether directly or through other parties, such Accounting to include tracing the monies and property received by Defendants to their real and personal property and bank and brokerage accounts, and Disgorgement thereof;

(j)     Awarding actual, general and specific, consequential and incidental, damages against Defendants, jointly and severally, in an amount to be determined at trial;

(k)     Awarding exemplary, punitive, statutory, treble damages to Plaintiffs against Defendants, jointly and severally;

(l)     Declaring Defendants act to have been willful and malicious injury(ies) to Plaintiffs.



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

(m)    Declaring this to be an exceptional case within 15 U.S.C. § 1117;

(n)    Awarding Plaintiffs' their reasonable attorneys fees and costs, including costs for experts, pursuant to State and Federal law;

(o)    Awarding Pre- and post- judgment interest; and

(p)    Entering such other and further relief as the Court deems appropriate.

### **TRIAL BY JURY DEMAND**

Plaintiffs hereby demand trial by jury on all claims and issues so triable.

DATED October 7, 2016          /s/ Kurt M. Rylander
                              KURT M. RYLANDER, WSBA 27819
                              rylander@rylanderlaw.com
                              /s/ Mark E. Beatty
                              MARK E. BEATTY, WSBA 37076
                              beatty@rylanderlaw.com
                              RYLANDER & ASSOCIATES PC
                              P.O. Box 250
                              Vancouver, WA 98666
                              Tel: (360) 750-9931
                              Fax: (360) 397-0473

                              Of Attorneys for Plaintiffs

26— COMPLAINT
**3:16-cv-05858**
10/7/2016 10:00:41 AM BEAW.001



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com