|   |   |
|---|---|
| BEAMING WHITE LLC, and LUIS LAJOUS,<br><br>Plaintiffs,<br><br>v.<br><br>JASON RABON, JANE DOE RABON, and the marital estate of JASON and JANE DOE RABON,<br><br>Defendants. | CASE NO. 3:16-CV-05858-DWC<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT, ETC. |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Plaintiffs filed this action seeking declaratory and injunctive relief for alleged trademark and copyright infringement by Defendants. The parties have consented to proceed before a United States Magistrate Judge. *See* 28 U.S.C. §636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Joint Status Report *and* Minute Order on Consent. Dkt. 11, 12. Before the Court is Plaintiffs' Motion for Leave to File an Amended Complaint (Dkt. 23) and Plaintiffs' Motion for Relief from Mediation Deadline (Dkt. 24). Defendants have no objection to Plaintiffs' proposed amended complaint. Dkt. 28. However, Defendants do not concede

ORDER GRANTING PLAINTIFFS' MOTION FOR
LEAVE TO FILE AN AMENDED COMPLAINT,
ETC. - 1

personal jurisdiction is proper in this Court, nor do Defendants concede the proposed amended complaint corrects the alleged jurisdictional deficiencies. Dkt. 28.

Under Fed. R. Civ. P. 15(a)(2), a party may amend its pleadings only with the opposing party's written consent or with the court's leave. Nonetheless, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). As Defendants do not oppose Plaintiffs' Motion for Leave to Amend, Plaintiff's Motion for Leave to Amend is granted. Pursuant to Local Rule 15, Plaintiffs are directed to serve their First Amended Complaint on all parties within fourteen (14) days of the date of this order.

Also pending before the Court are Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 13), as well as several related motions filed by Plaintiffs: Plaintiffs' Motion to Strike Defendants' Joint Declaration (Dkt. 16); Plaintiffs' Motion for Leave to File a Surreply (Dkt. 21); and Plaintiffs' Motion to Supplement with Newly Discovered Evidence (Dkt. 29). As the Court indicated in its order re-noting Defendants' Motion to Dismiss (Dkt. 27), an amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The original complaint is "treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Because Plaintiffs' First Amended Complaint will act as a complete substitute for the original complaint, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Plaintiff's Motion to Strike Defendants' Joint Declaration, Plaintiffs' Motion for Leave to File a Surreply, and Plaintiffs' Motion to Supplement with Newly Discovered Evidence are moot, and are denied without prejudice. Defendants may file a new motion to dismiss for lack of personal jurisdiction after service of Plaintiffs' First Amended Complaint.

Finally, Plaintiffs' Motion for Relief from the Mediation Deadline is granted. The mediation deadline specified in the Court's scheduling order (Dkt. 15) is rescheduled to July 31, 2017.

Dated this 20th day of April, 2017.

David W. Christel
United States Magistrate Judge

ORDER GRANTING PLAINTIFFS' MOTION FOR
LEAVE TO FILE AN AMENDED COMPLAINT,
ETC. - 3